IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM EVANS                                                                                          PLAINTIFF

        v.                                      Civil No. 4:12-cv-04089

RON STOVALL, Sheriff
Miller County, Arkansas                                                                               DEFENDANT

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

      Plaintiff William Evans filed this case *pro se* pursuant to 42 U.S.C. § 1983 on July 25, 2012.  ECF No. 1.  Now before the Court is Plaintiff's failure to comply with the Court's orders and prosecute this case.

      Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

**I.    BACKGROUND**

      Plaintiff filed his Complaint on July 25, 2012.  ECF No. 1.  Plaintiff was incarcerated in the Miller County Detention Center ("MCDC") during the time in issue in this matter.  In his Complaint, Plaintiff names the MCDC and Sheriff Ron Stovall as Defendants, and makes many allegations regarding the living conditions in the MCDC.

      On July 25, 2012, the Court issued an Order provisionally filing Plaintiff's Complaint and directing him to submit a completed IFP application.  In this Order, the Court also advised Plaintiff

that failure to immediately inform the Court of any change of address may result in dismissal of this action. ECF No. 3.

The Court granted Plaintiff's Application to proceed *in forma pauperis* on December 20, 2012. ECF No. 5. In this Order, the Court also directed Plaintiff to complete and file the attached Court prepared addendum to his Complaint. ECF No. 5. This Order was sent to Plaintiff's address of record at the MCDC but returned as undeliverable on January 8, 2013.

The Court then changed Plaintiff's address of record to the address he provided the MCDC upon booking. ECF No. 7. The Court resent its December 20, 2012 Order directing Plaintiff to complete and file the addendum to this new address. ECF No. 7. The Order was not returned as undeliverable mail. Plaintiff failed to respond with the completed addendum.

On May 2, 2013, the Court issued an Order to Show Cause giving Plaintiff until May 24, 2013 to show cause why he failed to comply with the Court's December 20, 2012 Order and to file his completed addendum. ECF No. 8. The Order to Show Cause was not returned as undeliverable mail. Plaintiff failed to respond.

**APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**II. DISCUSSION**

Plaintiff has failed to comply with three Court orders—the Court's July 25, 2012 Order advising Plaintiff to keep the Court informed of his current address; the Court's December 20, 2012 Order directing Plaintiff to complete and file the Court prepared addendum; and the Court's May 2, 2013 Order to Show Cause. Plaintiff has also failed to prosecute this case. Plaintiff has not communicated with the Court in this matter since August 2012.

While Plaintiff has failed to inform the Court of his current address, the Court cannot find a clear record of delay or contumacious conduct by the plaintiff because it is unclear if Plaintiff

received the Court's orders once he was released from the MCDC. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

### III. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 24th day of September 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE